UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CARLA MAEDKE
7204 7th Avenue
Kenosha, Wisconsin 53143

            Plaintiff,

    v.

WHEATON FRANCISCAN HEALTHCARE –
SOUTHEAST WISCONSIN, INC.
400 West Riverwoods Parkway
Glendale, Wisconsin 53212

            Defendant

Case No.: 20-cv-91

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Carla Maedke, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101, *et. seq.*

2.      The unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin, and therefore venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

3.     Plaintiff, Carla Maedke, is an adult female resident of the State of Wisconsin residing in Kenosha County with a post office address of 7204 7th Avenue, Kenosha, Wisconsin 53143.

4.     Defendant, Wheaton Franciscan Healthcare – Southeast Wisconsin, Inc., was at all material times herein, a Wisconsin corporation with a principal office address of 400 West Riverwoods Parkway, Glendale, Wisconsin 53212.

5.     For purposes of the ADA and during Plaintiff's employment with Defendant, Defendant was an "employer" of an "employee," Plaintiff.

6.     In approximately the year 1993, Defendant hired Plaintiff into the position of Registered Nurse.

7.     In approximately March 2003, Plaintiff began working in Defendant's "Fresh Start" program, which was a program that Defendant offered to provide classroom support for at-risk children and their families.

8.     From approximately the year 2015 to July 2017, Karen Molnar-Smith, Administrative Director for Behavioral Health, oversaw the "Fresh Start" program at Defendant.

9.     From approximately the year 2015 to December 2016, Plaintiff reported directly to Neil Fromm, Supervisor.

10.     During Plaintiff's employment with Defendant and while Plaintiff worked in Defendant's "Fresh Start" program, Plaintiff's job duties and responsibilities included administering medications, performing assessments, and working on the unit floor to assist with disruptive children in the program.

11.     During Plaintiff's employment with Defendant, Plaintiff suffered from chronic sciatica, which is a permanent physical health condition that substantially limited (and still limits) the normal functioning of her musculoskeletal system, creating consistent pain in Plaintiff's lower back, hips, and legs, and, at times, significantly limiting her ability to walk, run, bend, lift, squat, stretch, to care for herself, to perform manual tasks, and to work (hereinafter simply, Plaintiff's "Disability").

12.     During Plaintiff's employment with Defendant, Defendant was aware and/or had knowledge of Plaintiff's Disability.

13.     From approximately July 27, 2016 to October 19, 2016, Defendant approved Plaintiff's request for Family Medical Leave Act ("FMLA") because of her Disability.

14.     On or about October 6, 2016, Defendant was informed that Plaintiff could return to work on or about October 10, 2016 with restrictions of no more than twenty (20) hours of sit-down work.

15.     On or about October 10, 2016, Defendant did not return Plaintiff to work.

16.     Upon the expiration of Plaintiff's FMLA leave on or about October 19, 2016, Defendant did not return Plaintiff to work.

17.     On or about November 3, 2016, Defendant received a "Work Status Report" from Plaintiff, stating, in part, that from November 3, 2016, through December 2, 2016, Plaintiff could return to work at Defendant with the following restrictions: "primarily sitting," and no lifting over ten (10) pounds.

18.     On or about November 3, 2016, Defendant did not return Plaintiff to work.

19. As of approximately November 3, 2016, Defendant had open, available, and vacant positions for which Plaintiff was at least minimally qualified, including but not limited to the position of "Utilization Review/Bill Audit," the job duties and responsibilities of which complied with the restrictions identified in Plaintiff's "Work Status Report."

20. As of approximately November 3, 2016, Defendant did not place Plaintiff into any open, available, and vacant positions for which Plaintiff was at least minimally qualified, the job duties and responsibilities of which complied with the restrictions identified in Plaintiff's "Work Status Report."

21. On or about or about November 22, 2016, Defendant informed Plaintiff that it would not accommodate the restrictions identified in Plaintiff's "Work Status Report."

22. On or about November 23, 2016, Defendant hired another individual into Plaintiff's position of Registered Nurse.

23. On or about December 14, 2016, Defendant was informed that, beginning on December 19, 2016, Plaintiff could return to work for four (4) hours per day and without any restrictions.

24. On or about January 2, 2017, Defendant was informed that Plaintiff could return to work on a full-time basis without any restrictions.

25. On or about January 2, 2017, Andrea Gibson, Human Resources, had an in person meeting with Plaintiff (hereinafter, the "January 2, 2017 meeting").

26. During the January 2, 2017 meeting, Gibson told Plaintiff that Plaintiff was responsible for finding another position at Defendant, but that if Plaintiff failed to do so, Defendant would terminate Plaintiff's employment.

27.     Subsequent to the January 2, 2017 meeting, Plaintiff applied for open, available, and vacant position(s) for which she was at least minimally qualified, including but not limited to the position(s) of Registered Nurse in various Departments of and/or locations within Defendant.

28.     Subsequent to the January 2, 2017 meeting, Defendant did not offer Plaintiff employment in the position(s) for which she applied, including but not limited to the position(s) of Registered Nurse in various Departments of and/or locations within Defendant.

29.     Subsequent to the January 2, 2017 meeting, Defendant did not hire, place, and/or transfer Plaintiff into the position(s) for which she applied, for which were open, available, and vacant, and for which she was at least minimally qualified, including but not limited to the position(s) of Registered Nurse in various Departments of and/or locations within Defendant.

30.     Subsequent to the January 2, 2017 meeting, Defendant did not hire, place, and/or transfer Plaintiff into any open, available, and vacant positions for which she was at least minimally qualified.

31.     On or about March 31, 2017, Defendant terminated Plaintiff's employment.

32.     Subsequent to Plaintiff's termination from Defendant, Plaintiff filed a complaint with the Equal Employment Opportunity Commission – Milwaukee Area Office ("EEOC"), designated as EEOC Charge No. 26G-2017-01302C (cross-filed with the Wisconsin Equal Rights Division as Case No. CR201701820), dated September 14, 2017, alleging disability discrimination and failure to accommodate under the ADA.

33.     The EEOC issued Plaintiff a Notice of Right to Sue on Charge No. 26G-2017-01302, dated November 7, 2019.

34.     Plaintiff has exhausted all administrative conditions and filing requirements prior to bringing this action.

## CAUSES OF ACTION – ADA DISABILITY DISCRIMINATION

35.    Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

36.    Defendant intentionally discriminated against Plaintiff by terminating her employment because of her Disability and/or because it perceived her to be disabled, in reckless disregard for her federally protected rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §§ 12101, *et. seq.*

37.    Defendant intentionally discriminated against Plaintiff in the terms and conditions of her employment by failing to reasonably accommodate her Disability by failing to hire, place, and/or transfer Plaintiff into position(s) that were open, available, and vacant and for which Plaintiff was at least minimally qualified, in reckless disregard for her federally protected rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §§ 12101, *et. seq.*

38.    Defendant intentionally discriminated against Plaintiff by failing to reasonably accommodate her Disability, resulting in her termination from Defendant, in reckless disregard for her federally protected rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §§ 12101, *et. seq.*

39.    As a result of Defendant's intentional discrimination, Plaintiff suffered damages in the form of lost wages, lost employment benefits, emotional distress, pain and suffering, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 21st day of January, 2020

<div style="margin-left:40%">

WALCHESKE & LUZI, LLC
Counsel for Plaintiff


**s/ *Scott S. Luzi*_____**
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Matthew J. Tobin, State Bar No. 1097545

</div>

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com